**WALKER–TEXAS INVESTMENT CORPORATION, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 10658.**

Court of Civil Appeals of Texas.

Austin.

April 22, 1959.

Rehearing Denied May 13, 1959.

Louis W. Graves, Jr., John A. Croom, Houston, for appellant.

Will Wilson, Atty. Gen., C. K. Richards, Tom I. McFarling, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the trial court, cancelling, forfeiting, and rendering null and void the charter of the appellant, growing out of a suit filed by the State in the nature of a quo warranto for cancellation of the charter of Walker-Texas Investment Corporation, appellant herein.

The appeal is founded on twelve points and are directed to the error of the court in forfeiting the charter, because the demand for inspection of the records was not executed in conformity with the statutes; was not signed by the Attorney General; was too vague and indefinite to determine which of several named persons was the "authorized agent" to inspect the records; that the records to be inspected were not subject to be inspected under Articles 1366–1370, Vernon's Ann.Civ.St.; that the demand to "investigate" records in addition to examine the records exceeds the authority of the Attorney General; that the demand was not addressed to any particular officer of the corporation; that the demand for inspection relied on, and the evidence at the trial, made no showing that the Attorney General reasonably believed that appellant was operating in violation of its charter rights, or of any laws of the State; that the Trial Court erred in sustaining appellee's objection to testimony as to the circumstances surrounding the service of notice; that the Trial Court abused its discretion in cancelling appellant's charter, and because appellant's constitutional rights under the due process clause of the State and Federal Constitutions were violated; and finally because appellant was subjected to unreasonable seizures and searches.

Appellee has made three counterpoints to the effect that the action of the court in forfeiting the charter of appellant was correct under Article 1370 because of the failure and refusal of the duly appointed officers of appellant to permit the Attorney General to inspect the books and records under the provisions of Articles 1366, 1367 and 1368, as a matter of law; and that the proffered testimony concerning the circumstances surrounding the service of notice of the appointment of a receiver and injunction was irrelevant and immaterial upon the issue of the refusal of the officers of appellant to comply with the provisions of Articles 1366, 1367 and 1368, and finally that the provisions of Articles 1366–1370 do not violate either Section 9, of Article 1, of the Constitution of Texas, Vernon's Ann. St., or the search and seizure clause of the Fourth Amendment to the Constitution of the United States.

Articles 1366, 1367, 1368 and 1370 read:

"Every corporation, domestic or foreign, doing business in Texas, shall permit the Attorney General or any of his authorized assistants or representatives, to make examination of all the books, accounts, records, minutes, letters, memoranda, documents, checks, vouchers, telegrams, constitution and by-laws, and other records of said corporation as often as he may deem necessary.

"A written request shall be made to the president or other officer of said corporation at the time the Attorney General or his assistants desire to examine the business of said corporation. It shall be the duty of the officer or agent of any corporation to whom said request is presented to immediately permit the Attorney General, or his authorized assistant or representative to inspect and examine all the said books, records and other documents of said corporation."

"The Attorney General, or any of his assistants or representatives when authorized by the Attorney General, has the power and authority to make investigation into the organization, conduct

and management of any corporation authorized to do business within this State, and has authority to inspect and examine any of its said books, records and other documents, and take such copies thereof as in his judgment may show or tend to show that said corporation has been or is engaged in acts or conduct in violation of its charter rights and privileges, or in violation of any law of this State.

"Any foreign corporation doing business in Texas under a permit granted under the laws of this State, or any officer or agent thereof, or any domestic corporation which shall fail or refuse to permit the Attorney General, or his authorized representative or representatives, to examine or take copies of any of its said books, records, and other documents whether same be situated within this or any other State within the United States, shall thereby forfeit its right to do business in this State; and its permit or charter shall be canceled or forfeited."

The Letter of Visitation issued by the Attorney General, plaintiff's exhibit "A", dated September 23, 1958, reads as follows:

"To the President, Vice President, and other officers and agents of Walker-Texas Investment Corporation, Houston, Texas

"Gentlemen:

"You will please permit Tom I. McFarling, Lawrence Jones, Jack Price, W. E. Allen and Jimmie E. Wallace authorized agent of the Attorney General of Texas, to make an examination and investigation of all books, contracts, accounts, records, minutes, letters, memoranda, by-laws, any other records of Walker-Texas Investment Corporation, Houston, Texas, and to take or make copies thereof.

"I hereby authorize the above named person to represent me officially, for the purpose set out above, under the provisions of Article 1366 et seq., Revised Civil Statutes of Texas.

"Yours very truly,

s/ Will Wilson
Attorney General of Texas."

The legal right of the Attorney General or any of his authorized assistants or representatives to make an examination of a corporation is not questioned.

The chief complaint is as to the adequacy of the written request made in this case and the manner of service.

Attorney General Wilson did not personally sign the letter. This was done under his direction by his secretary, Mrs. Charlie Burns, according to Mr. Wilson's testimony, which in brief is:

That Mrs. Burns was authorized to sign the letter, to affix the signature of the Attorney General to the letter of visitation; that Mrs. Burns was not delegated the authority to order the investigation, such authorization is made by the Attorney General. On cross-examination Mr. Wilson testified that he had previously directed Mrs. Burns to sign the document.

We believe that the signing of the visitation letter was an authorized ministerial act and was not the delegation of discretionary power or authority to order an investigation, and that the letter was sufficient to require the officers of the appellant to permit the examination of the books and records of the corporation by the persons named therein.

In addition to the letter of visitation each of the Assistant Attorneys General had an identity card issued, bearing the unquestioned signature of Mr. Wilson as Attorney General, and authorizing each of the three Assistants to make investigations on behalf of the Attorney General of Texas. Mr. Jones one of the Assistants, presented to Mr. Curington an identity card, while Mr. Curington was reading the letter of vis-

itation, which was also read by Mr. Curington.

Mr. Curington did not at any time permit Mr. Jones or Mr. McFarling, both of whom were Assistant Attorneys General, to inspect and examine any of the books or records of the corporation but refused such request, stating that such refusal was based upon the advice of counsel.

In Humble Oil & Refining Co. v. Daniel, Tex.Civ.App., 259 S.W.2d 580, 587, 588, certiorari denied 347 U.S. 936, 74 S.Ct. 631, 98 L.Ed. 1086, the appendix to the letter of visitation was signed, "Price Daniel, Attorney General, by Frank Lake, Assistant Attorney General," as authorized by the Attorney General.

In the Humble case, supra, the court held:

"We believe that the visitorial statutes quoted above give to the Attorney General an unlimited and unrestricted right of visitation and examination of the books and records of the corporation."

Further the court held in answer to the question:

"Do Articles 1366 to 1371, inclusive, Vernon's Civil Statutes, Annotated, known as the Visitorial statutes, violate Article I, Section 9, of the Constitution of the State of Texas, Vernon's Ann.St., and the 4th Amendment to the Constitution of the United States, prohibiting unreasonable searches and seizures so as to render them void?"

as follows:

"We believe that the visitorial statutes, Articles 1366–1371, inclusive, which are quoted above, are not in violation of the constitutional inhibitions against unreasonable searches and seizures. The State, by its authorized officers, has the undoubted right to require full information as to all of the business of a private corporation created by it or which it has permitted to come into the State, for the State has the right to know what its creature or one of another sovereignty which it permits to come into the State is doing. * * * Articles 1366 and 1367 require every corporation to permit the Attorney General or any of his assistants or representatives to make examination of the records of the corporation as often as he may deem necessary immediately after presentation of a letter of request for such examination. From the background of this legislation we believe that these two Articles properly grant to the Attorney General the full and unlimited and unrestricted right to examination of the corporation's books and records at any time and as often as he may deem necessary. * * *"

In Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215, 216, the court held as follows:

"A signature made by a rubber stamp, typewriter, or printing, or by another without authority and in the absence of the grantor, or even when forged, may be adopted, and the instrument to which it is signed become binding." Citing authorities.

The Trial Court found that the appellant had refused to permit the Attorney General, acting through his authorized Assistant Attorneys General, to examine the books and records of the corporation, and following the language of the statute forfeited the charter, and we do not believe there was error in so doing.

We are unable to see how the appellant was harmed by the court's refusal to allow the introduction of testimony concerning the extraneous circumstances surrounding the service of notice of the appointment of a receiver and injunction. Such testimony could have no bearing upon the issue of the failure and refusal of appellant's officers and agents to comply with the provisions of the statute.

Appellant had sought by the testimony on cross-examination of Mr. Lawrence Jones, an Assistant Attorney General, to show or tend to show a bearing on whether or not the search was unreasonable and unconstitutional, inquired who were present when the papers were served and the witness named James White, of the appellant corporation, A. L. Byers, as being with Prince Finance Company, Inc., a Deputy Sheriff, L. T. Dickey, and others whom the witness did not know. On being asked if reporters and news photographers from each of the daily papers were there, objection was made by appellee that such was not relevant, which objection was sustained by the court.

The judgment of the Trial Court is affirmed.

Affirmed.